ELTING v. GILLETTE CLIPPING MACHINE CO.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. BILL OF PARTICULARS—SUFFICIENCY—FACTS WITHIN OPPOSITE PARTY'S KNOWLEDGE.

In an action to recover a percentage of the profits of defendant's business, as compensation for services rendered under a contract, plaintiff's bill of particulars was founded upon the showing of defendant's books as to the amount of business done. *Held*, that defendant was not entitled to a further bill of particulars as to the details of such transactions, inasmuch as all this information could be derived from its own books.

2. SAME.

In an action to recover a percentage of the profits of defendant's business under a contract entitling plaintiff to such percentage for his services as foreman, plaintiff's bill of particulars stated that each year the contract existed a certain amount of business was done. over and above that credited in defendant's expense book. *Held*, that defendant was entitled to a further bill of particulars as to such amounts.

Appeal from Special Term, New York County.

Action by William H. Elting against the Gillette Clipping Machine Company. From an order directing plaintiff to furnish a bill of particulars, he appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

M. H. Harris, for appellant.
J. T. Booth, for respondent.

PATTERSON, J. This appeal is from an order requiring the plaintiff to furnish an additional bill of particulars. The action was brought to recover the sum of $50,000, which the plaintiff alleges was retained by the defendant corporation, but which was due him under an agreement with the defendant by which he was entitled to 25 per cent. of the profits of the business of the corporation, in lieu of salary for serv-

¶ 1. See Pleading, vol. 39, Cent. Dig. § 972.

ices rendered as foreman of the factory of the defendant, which was engaged in the business of manufacturing horse clipping machines. The plaintiff was required by an order to serve a bill of particulars, and he did serve such a bill, but it was after an inspection of the books of the corporation which had been ordered by the court. The bill of particulars thus furnished was made up from the books of the defendant after such inspection. There is no dispute that the plaintiff is entitled to 25 per cent. of the profits of the business of the corporation, as compensation for his services in conducting the manufacturing branch of the business. The bill of particulars originally served, as said before, was made up from an inspection of the defendant's books; and the motion for a further bill is really predicated upon the ground of the generality, and hence insufficiency, of the items in the bill of particulars as served. Upon an examination of that bill, we find that there is nothing contained therein which requires greater elaboration or entry into details, except as hereinafter referred to. It is apparent that everything contained in the bill of particulars, with the exceptions to be pointed out, the defendant can ascertain from its own books. The items referred to are of alleged false entries and false charges, and the defendant must know of those entries, and whether they are false or not. But there are in the bill of particulars, as served, certain items in respect of which a further bill should be required. The plaintiff's right to 25 per cent. depends upon the amount of business done; and in the bill of particulars, as served, there are, as to each year during which the contract existed, statements that an amount of business was done over and above that credited in the expense book of the defendant corporation—as, for instance, for the first year, $45,-878.87; for the second year, $21,679.57; for the third year, $29,125.87; for the fourth year, $30,374.73; for the fifth year, $33,756.44; for the sixth year, $14,244.73; for the seventh year, $22,533.63. Those items indicate a claim that much business was done over and above what appears on the books of the corporation, and hence the knowledge thereof cannot be obtained by the defendant from its own books. The inference fairly is that these amounts do not appear upon the books of the corporation, and the defendant is entitled to know the items of those several charges, and how that much of the bill of particulars is made out.

The order should therefore be modified by requiring the plaintiff to furnish only a bill of particulars of the several claims as to the amount of business done over and above what is charged in the expense book of the corporation; and, as thus modified, the order should be affirmed, without costs. All concur.